UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ALEX MALONE,
   Plaintiff,

vs.                                                         No. 05-1297

TOM PHARES, et.al.,
   Defendants

ORDER

     This cause is before the court for merit review of the plaintiff's complaint.  The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.  The pro se plaintiff participated in the merit review by video conferencing.

     The plaintiff, Alex Malone, has filed his lawsuit pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the McLean County Jail.  The plaintiff has named six defendants including Warden Tom Phares, Sheriff David Owen, Operations Officer Jamie Kessinger, Jail Superintendent Greg Allen, Inmate Services Officer Melinda Feller, and Administrator Pam Robinson.

     The plaintiff says the defendants violated his Eighth Amendment rights when they served him contaminated food on August 20, 2005.  The plaintiff says he noticed a substance that looked like feces in his breakfast tray.  He reported it to officers and they offered him a new food tray.  The plaintiff refused and asked to speak to Sargent Reeves.  Sargent Reeves also offered the plaintiff a new food tray or something else to eat from the kitchen.  The plaintiff refused.

     Sargent Reeves then took the food tray to the jail nurses' office.  The nurses told the officer the substance in the food was some form of ground meat.  Sargent Reeves then took the tray to the cook and asked if they had used the grill for meat prior to breakfast.  The cook stated that they had not, but perhaps it was a piece of meat from the previous night's dinner.

     The plaintiff says he had taken a bite of the foreign substance in his breakfast tray before he reported it and he later became ill.

     The plaintiff has failed to state a claim that the defendants violated his Eighth Amendment rights.   In order for the plaintiff to establish a constitutional violation, he must pass

a two-prong test.  The objective component of the test asks whether the alleged violation was sufficiently serious.  Wilson v. Seiter, 501 U.S. 294, 298 (1991).  Was the plaintiff deprived of the "minimal civilized measure of life's necessities"?  Rhodes v. Chapman, 452 US 337, 347 (1981); Harris v. Fleming, 839 F.2d 1232, 1234 (7th Cir. 1988).

To satisfy the subjective component, plaintiff must demonstrate the defendants's were deliberately indifferent to his health and safety.  Farmer v. Brennan, 511 US 825, 837 (1994). This means the plaintiff must show that jail officials knew there was a substantial risk of serious harm to the plaintiff, and consciously disregarded that risk.  Id.

When it comes to food preparation, detention facilities are required to prepare "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." it. French v. Owens, 777 F.2d 1250, 1255 (7th Cir.1985); quoting Ramos v. Lamm, 639 F.2d 559, 570-1 (10th Cir. 1981)   The plaintiff has alleged that there was a foreign substance in his meal on one occasion.  It is doubtful whether a single instance is a serious enough deprivation to rise to the level of a constitutional violation.   Courts have found that food
which  "occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation" Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985).  Even a dead mouse in an inmate's meal is only a minimal deprivation without a showing of injury.  Miles v. Konvalenka, 791 F. Supp. 212, 214 (N.D. Ill.  1992)

The plaintiff does allege that he became sick.  Nonetheless, the court finds that the plaintiff's complaint clearly demonstrates that the defendants were not deliberately indifferent and therefore he has failed to state a violation of his Eighth Amendment rights.  As soon as the plaintiff reported the problem, he was offered a new breakfast tray or different food from the kitchen.  In addition, the sargent he told about the foreign substance immediately took the tray both to health officials and the kitchen to report the problem. The plaintiff has included a copy of the report the sargent made about the food.  The plaintiff does not allege that anyone put the substance in his food on purpose or that he had further problems.   The plaintiff has failed to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED that:**

**1) The case is dismissed in its entirety pursuant to 28 U.S.C. §1915A for failure to state a claim.  The case is terminated without prejudice.**

**2) The dismissal counts as a strike against the Plaintiff under the "three strikes" provision of 28 U.S.C. 1915(g).  The clerk is directed to record the strike against the plaintiff.**

**3) The plaintiff must still pay the full docketing fee of $250.00 even though his case has been dismissed.  The agency having custody of the Plaintiff is directed to remit the docketing fee of $250.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $250.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $250.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $250.00.**

**4) The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

**5) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

**6) The motion to proceed in forma pauperis is denied as moot. [d/e 2]**

Entered this 17th day of November, 2005.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE